I concur in the majority's conclusion that the City of Anniston's Ordinance No. 94-0-03 does not violate rights guaranteed by Ala. Const. 1901, § 4. That section provides: "[N]o law shall ever be passed to curtail or restrain the liberty of speech or of the press; and any person may speak, write, and publish his sentiments on all subjects, being responsible for the abuse of that liberty." I write, however, to point out that the ordinance does not, in fact or effect, regulate conduct to which § 4 applies.
The effect of the ordinance is best illustrated by a comparison of the activities permitted with the activities prohibited. Specifically, the ordinance permits performances by topless females. It permits spectators to view these performances while sober, or even while under the influence of alcohol — as long as the alcohol was consumed at another location. The ordinance prohibits only the purchase or consumption of alcohol in the immediate presence of the dancers or in an area immediately adjacent to the area where the dancers are located. Thus, the ordinance regulates the activities of spectators, or potential spectators, not activities of the dancers themselves.
Section 4 of the Constitution of Alabama does not guarantee citizens the right to purchase or consume alcohol. Thus, it does not guarantee them the right to view performances by topless or nude females with alcohol in, or at, hand. Because this case involves no right with which § 4 is concerned, I concur in the result.
INGRAM, J., concurs.